[Cite as *State v. Cunningham*, 2014-Ohio-3949.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :          C.A. CASE NO.    2013 CA 50

v.                                               :          T.C. NO.    12CR734

JAMES B. CUNNINGHAM                              :          (Criminal appeal from
                                                            Common Pleas Court)
    Defendant-Appellant                      :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____12th_____ day of _____September_____,
2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecutor, 50 E.
Columbia Street, 4th Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 703 Liberty Tower, 120 W. Second Street,
Dayton, Ohio 45402
    Attorney for Defendant-Appellant

JAMES B. CUNNINGHAM, 1404 Innisfallen Avenue, Springfield, Ohio 45506
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Appointed counsel for defendant-appellant James B. Cunningham submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2} The record establishes that after a jury trial held on April 2, 2013, Cunningham was found guilty of one count of domestic violence, a misdemeanor of the first degree. Cunningham was found not guilty of felonious assault. On April 4, 2013, the trial court sentenced Cunningham to six months in jail. The trial court issued a judgment entry of conviction on April 9, 2013.

{¶ 3} Cunningham filed a notice of appeal with this Court on June 4, 2013. On September 24, 2013, we granted Cunningham's motion for leave to file a delayed appeal pursuant to App. R. 5(A). In an entry issued on November 6, 2013, we appointed counsel to represent Cunningham on appeal.

{¶ 4} On April 7, 2014, appointed counsel representing Cunningham submitted an *Anders* brief, alleging that no arguably meritorious issues exist for appeal. By magistrate's order of May 20, 2014, we informed Cunningham that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. We invited Cunningham to file a pro se brief assigning any error for our review within sixty days. Cunningham has not filed anything with this Court.

{¶ 5} Appointed counsel for Cunningham advances four potential assignments of error for our review, to wit: 1) Cunningham asserts that his trial counsel, Derek Van Hoose, was not licensed to practice law when he represented appellant in the proceedings below; 2)

Cunningham argues that he received ineffective assistance of counsel because his counsel did not present certain evidence at trial and because counsel personally interviewed the victim, Amelia Murdock, against appellant's wishes; 3) Cunningham asserts that the prosecutor was aware that Murdock made false statements when she testified at trial; and 4) Cunningham argues that his indictment was defective because he was not originally charged with domestic violence, but the offense appeared on a later date.

{¶ 6}  With respect to his first potential assignment, we note that there is no evidence  that Cunningham's trial counsel, Attorney Van Hoose, was not licensed to practice law in the State of Ohio during the time that he represented appellant.[1]  We further note that Cunningham's appellate counsel submitted a Request for Certificate of Good Standing to the Office of Attorney Services of the Supreme Court of Ohio regarding Attorney Van Hoose.  The documentation establishes that Van Hoose was admitted to the practice of law in Ohio on November 6, 2012, and is in good standing with the Supreme Court of Ohio.  The documentation indicates that Van Hoose registered as inactive on the biennium registration date of September 1, 2013.  Thus, he was duly licensed to practice law in the State of Ohio while he represented Cunningham prior to September 1, 2013.  Thus, this potential assignment has no merit.

{¶ 7}  In his second potential assignment, Cunningham contends that he received ineffective assistance when his trial counsel failed to present certain evidence at trial and because counsel personally interviewed the victim, Amelia Murdock, against appellant's

---

[1] Technically, this is a matter outside the record.  Nevertheless, it is without arguable merit.

wishes. A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong  presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶ 8}** Upon review, we conclude that Cunningham's claim that he received ineffective assistance of counsel is not supported by the record. Specifically, the record establishes that Attorney Van Hoose sought to admit a letter written by Murdock in which she recanted her claim of domestic abuse against Cunningham. While the trial court refused to admit the letter into evidence because it was not disclosed to the State until the day of trial, it permitted Van Hoose to extensively cross-examine Murdock regarding the contents of the letter and her recantation. While Van Hoose did not question Murdock regarding phone calls she allegedly made to police, the decision not to cross-examine her regarding the calls may have been a tactical one. An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy.

*State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

{¶ 9} Additionally, Van Hoose's decision to interview Murdock against Cunningham's wishes did not amount to ineffective assistance. Van Hoose had a responsibility to Cunningham to provide the best defense possible, and Murdock's testimony was crucial to establishing the events which led to the instant charges. Van Hoose's decision to interview Murdock was simply the act of a diligent defense attorney. In fact, it would have potentially been ineffective assistance if Van Hoose had not attempted to interview Murdock prior to trial. Thus, based on our review of the record before us, we conclude there is no merit to Cunningham's claim that his trial counsel provided ineffective assistance.

{¶ 10} In his third potential assignment, Cunningham claims that the State was aware that Murdock was making false statements under oath. Upon review, we conclude that there is no evidence in the record which supports Cunningham's claim in this regard, given the conflicting statements provided by Murdock. Thus, Cunningham's third assignment has no arguable merit.

{¶ 11} Finally, Cunningham asserts that when he was initially indicted for felonious assault, he was not charged with domestic violence. The record, however, establishes that Cunningham was indicted on October 29, 2012, for one count felonious assault and one count of domestic violence. Accordingly, we can find no arguable merit to Cunningham's

fourth and final potential assignment.

{¶ 12}   Additionally, in the performance of our duty, under *Anders v. California,* to conduct an independent review of the record, we have found no potential assignments of error having arguable merit.   We conclude that this appeal is wholly frivolous.   Therefore, the judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Adam J. Arnold
James B. Cunningham
Hon. Douglas M. Rastatter